United States Bankruptcy Court
For the District of Maryland

| | | |
|---|---|---|
| In re: | * | Case No. 14-29084 DR |
| | * | |
| **ARTHUR D EVEREST** | * | Chapter 13 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### Motion to Direct Payment of Plan Funds to Undersigned Counsel

Now comes Counsel, Edward C. Christman and Christman & Fascetta, LLC, and moves this Court pursuant to 11 U.S.C. sections 503, 1326, and 330, to direct that certain funds being held by the Chapter 13 Trustee be paid to Counsel, and states as follows:

1. On December 16, 2014, Debtor filed for Chapter 13 relief.  This case was filed to protect the Debtor's real property located at 4238 Elsa Terrace, Baltimore, Maryland 21211 which was scheduled for a foreclosure sale on December 16, 2014.

2. Counsel prepared and filed an emergency Bare Bones Chapter 13 Petition on December 16, 2014 and a letter was sent to the debtor advising him of the required court appearances and schedule deadlines.

3. Counsel prepared and filed a Motion to Extend Time to file the remaining schedules, statement of financial affairs, form 22C and Chapter 13 Plan on December 23, 2014 and the Motion was granted.

4. Counsel prepared and filed a Second Motion to Extend Time to file the remaining schedules, statement of financial affairs, form 22C and Chapter 13 Plan on December 23, 2014 and the Motion was granted.

5. Counsel prepared and filed the remaining schedules, statement of financial affairs, form 22C and Chapter 13 Plan on January 26, 2015.

6. Counsel attended the meeting of creditors on January 30, 2015 and a letter was sent to the debtor requesting additional documents.

7. Counsel reviewed the Objection to Confirmation filed by the Chapter 13 Trustee on February 3, 2015.

8. Counsel reviewed the Objection to Confirmation of Plan filed by Wells Fargo Financial Maryland, Inc. on February 11, 2015.

9. Counsel reviewed the Supplemental Objection to Confirmation filed by the Chapter 13 Trustee on February 13, 2015.

10. Counsel attended the confirmation hearing scheduled for February 24, 2015 at which time the case was denied with leave to amend.

11. Counsel reviewed the Order Denying With Leave to Amend filed on February 25, 2015 and a letter was sent to the debtor advising him of the new hearing dates and plan deadline.

12. Counsel prepared and filed an amended Chapter 13 Plan on behalf of the debtor on March 24, 2015.

13. Counsel filed a Financial Management Certificate on behalf of the debtor on January 8, 2015.

14. Counsel reviewed the Objection to Confirmation filed by the Chapter 13 Trustee on April 22, 2015 and contacted debtor regarding objections.

15. Counsel had numerous discussions with the debtor over the course of the proceedings and the debtor always maintained a desire to remain in the case although he was unable to support the trustee payments and the mortgage payments. Counsel advised debtor on numerous occasions that he should do everything possible to work with the mortgage company regarding a loan modification as the bankruptcy protection was going to eventually end if he was unable to maintain payments. Counsel represented the debtor for over 4 months.

16. After a discussion with the debtor regarding his circumstances counsel filed a Line Requesting Denial Without Leave to Amend on behalf of the debtor on April 27, 2015.

17. More than eight letters were written to the Debtor over the course of these proceedings and numerous phone consultations were had with the debtor. Documents were sent to the Chapter 13 Trustee on behalf of the debtor on three separate occasions. In addition, two Motions to Extend Time were filed, a Suggestion of Bankruptcy was filed, and consent was given to the Mortgage Company to speak with the debtor.

18. Counsel requests that the Chapter 13 trustee pay Counsel directly from the funds she is holding towards the balance of the attorney's fees due.

19. Pursuant to 11 U.S.C. §1326(A)(2), "If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title." The code provides that administrative expenses, "including compensation or reimbursement awarded under section 330(a) of this title are allowed.

Furthermore, the court may allow reasonable compensation to the debtor's attorney for representing the interest of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section. 11 U.S.C. §330(a)(4)(B).

20. Therefore, in a Chapter 13 case, Debtor's Counsel is within the scope of section §330(a) and counsel fees are an administrative expense. This administrative expense is entitled to payment directly from the funds held by the Chapter 13 trustee.

21. Counsel respectfully submits and hereby affirms to the Court that the fees for the legal services expended and the legal services performed on behalf of the debtor were both reasonable and necessary based upon the customary compensation charged by Counsel and comparably skilled attorneys. Counsel further submits that the flat fee set forth above is proper and equitable.

22. No agreement or understanding exists between Counsel and any other person for the division or sharing of compensation for services rendered or costs advanced in connection with Counsel's representation of the Debtor. Therefore, Counsel requests that $2,655.00, less any trustee fees be paid directly by the trustee to the undersigned counsel for services rendered.

Wherefore, Counsel requests that the Court order the Chapter 13 trustee to pay the fees requested in this application directly to Counsel from the pre-confirmation payments held by the Chapter 13 trustee.

Respectfully Submitted:

__/s/ Edward C. Christman_____
Edward C. Christman
Christman & Fascetta, LLC
810 Gleneagles Court
Suite 301
Towson, Maryland 21286
echristman@bankruptcymd.com
410-494-8388
fax 410-494-8389

Certificate of Service

I hereby certify, that on this 6th day of May, 2015, a copy of the foregoing Motion to Direct Payment of Plan Funds to Undersigned Counsel was sent electronically to:

Ellen Cosby, Chapter 13 Trustee

Office of the U.S. Trustee

And mailed first class postage pre-paid to all creditors and:
Arthur Everest

/s/Edward C. Christman
Edward C. Christman
