UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| ARTHUR D. EVEREST | * | Case No. 14-29084 DER |
| | * | Chapter 7 |
| Debtor | * | |

\* \* \* \* \* \* \*

BRIEF OF ELLEN W. COSBY, CHAPTER 13 TRUSTEE, ON THE
IMPACT OF *HARRIS V. VIEGELHAN* ON THE MOTION FOR
ORDER DIRECTING PAYMENT TO DEBTOR'S COUNSEL

Ellen W. Cosby, Chapter 13 Trustee, ("Trustee") files this Brief on the Impact of the Supreme Court's Decision in *Harris v. Viegelhan* on the Motion for Order Directing Payment to Debtor's Counsel and states as follows:

Statement of the Relevant Facts

1. On December 16, 2014, Arthur D. Everest, Debtor, filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.
2. On that same date, Debtor's Counsel ("Counsel") filed a Disclosure of Compensation of Attorney for Debtor, (Doc 3), indicating that for legal services, he agreed to accept $4,500.00.  Prior to filing the case, Counsel received $1,000.00.  The balance of fees to be paid was $3,500.00.  The agreed upon fee was pursuant to Paragraph 4B of Appendix F.
3. On April 29, 2015, this Court entered an Order Denying Confirmation of the Chapter 13 Plan without Leave to Amend.  The Debtor's Chapter 13 plan was not confirmed.
4. On May 6, 2015, Counsel filed a motion to direct payment of plan funds to counsel (the "Motion") (Doc 32).    The Trustee did not oppose that Motion.
5. On May 18, 2015, Debtor filed a motion to convert to chapter 7.  On May 19, 2015, the case was converted to a case under Chapter 7.

6. The Debtor has paid $2,655.00 to the Trustee. After deduction of authorized trustee's fees, there is $2,455.86 available to be disbursed pending resolution of the Motion.

7. This Court issued an Order requesting supplemental briefing on the impact of the recent decision of the Supreme Court in *Harris v. Vegelhan* on Counsel's Motion.

## QUESTION PRESENTED BY THE COURT

In the recent Supreme Court decision *Harris v. Viegelahn*, 135 S.Ct. 1829 (May 18, 2015), the Court held that if a debtor converts a case with a confirmed plan from Chapter 13 to a Chapter 7 case, post-petition wages still in the hands of the Chapter 13 trustee when the case is converted would not be property of the estate in the converted Chapter 7 estate and those funds on hand must be returned to the debtor.

In this instant case, Counsel filed the Motion to direct pay requesting that the court authorize the Trustee to pay him, from the available funds the Trustee is holding, the outstanding balance of his allowed attorney fee. The Motion was filed after the proposed Chapter 13 plan was denied without leave to amend, but before the motion to convert was filed.

The question as presented by this Court is whether the *Harris* decision has any impact on Counsel's motion to direct pay?

For the reasons stated below, the Trustee submits that the *Harris* decision does not impact the Court's ability to allow attorneys' fees to be paid by the Trustee to Counsel from funds on hand at the time of conversion of the case.

## ARGUMENT

With respect to pre-confirmation plan payments made by a debtor to the trustee, 11 U.S.C. Section 1326(a)(2) provides that:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503 (b).

A debtor's attorney is allowed reasonable compensation for representing the debtor's interests in connection with the bankruptcy case. 11 U.S.C. §330(a)(4)(B). The Court is authorized to award compensation as it deems reasonable under §330(a)(1). Upon allowance by the Court, the fee becomes an administrative expense under §503(b)(2).

In the *Harris* case, the debtor's plan had been confirmed by the bankruptcy court and the trustee was making disbursements in accordance with the plan at the time the case was converted to Chapter 7. The Supreme Court found that, when the case converted, the trustee's authorization to disburse payments to creditors terminates under 11 U.S.C. §348(e).

This instant case is distinguished from *Harris* because the case converted prior to confirmation of a plan. In this situation, §1326(a)(2) clearly designates and directs how a trustee is to deal with funds on hand. The statutory authorization includes payment of administrative expenses allowed under §503(b). Because of the specific statutory support therefor, the Trustee submits that the *Harris* decision does not impact the Court's ability to direct payment of allowed administrative expenses in a case converted prior to confirmation of a plan. The court is not barred by the *Harris* decision from ordering the trustee to pay from the funds in escrow an allowed administrative expense.

WHEREFORE, the Trustee does not oppose the relief requested by Counsel in the motion.

Date:   July 16, 2015                                    /s/  *Ellen W. Cosby*
                                                                                                Ellen W. Cosby, Trustee
300 E. Joppa Road, Suite #409
Towson, MD 21286
(410) 825-5923
inquiries@ch13balt.com
Chapter 13 Trustee

CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on July 16, 2015 a copy of the foregoing Brief was served electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid to:

Arthur D Everest
4238 Elsa Terrace
Baltimore, MD 21211

Edward C Christman, Jr., Esquire
810 Gleneagles Court #301
Towson, MD  21286

Mark J. Friedman, Esquire
DLA Piper LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209

Gerard R. Vetter, AUST
Office of the United States Trustee
101. W. Lombard Street, Suite 2625
Baltimore, MD  21201


                                                        /s/  *Ellen W. Cosby*
                                                        Ellen W. Cosby, Trustee