Date signed September 10, 2015



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARGRET E. BRANDON, | ) | Case No. 14-23735-DER |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| JAMES L. RUCKER | ) | |
| and BELINDA A. RUCKER, | ) | Case No. 14-27630-DER |
| | ) | (Chapter 13) |
| Debtors. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| CYNTHIA B. BURROWS, | ) | Case No. 14-28940-DER |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| ARTHUR D. EVEREST, | ) | Case No. 14-29084-DER |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |

## **MEMORANDUM OPINION**

These cases require the court to consider the effect of the Supreme Court's recent decision in *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015), on motions by debtor's counsel for

allowance and payment by a Chapter 13 trustee of attorney's fees in a case that was either dismissed or converted to a Chapter 7 case before confirmation of a Chapter 13 plan. The relevant facts in each of these cases are not in dispute. In considering this issue, the court has had the benefit of memoranda of law filed by each of the Chapter 13 trustees (Ellen Cosby and Nancy Spencer Grigsby), by counsel for three of the four debtors (Edward C. Christman, Robert N. Grossbart, and Jeffrey M. Sirody), and by an *amicus curiae*, the Consumer Bankruptcy Section of the Maryland State Bar Association. A hearing is neither necessary nor required to assist the court in deciding the issues presented.

## JURISDICTION

This court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Rule 402 of the Local Rules of the United States District Court for the District of Maryland. This is a "core proceeding" under 28 U.S.C. § 157(b). This memorandum opinion constitutes the court's findings of fact and conclusions of law.

## FINDINGS OF FACT

Each of these cases was commenced by a voluntary petition filed by the debtor seeking relief in this court under Chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). These cases were later either dismissed or converted for various reasons.[1] A Chapter 13 plan was not confirmed in any of the cases.

At the time these cases were commenced, counsel for each of the debtors agreed to a $4,500.00 fixed fee engagement that is deemed presumptively reasonable under Appendix F of

---

[1] The Margret Brandon and Cynthia Burrows cases were dismissed after confirmation of each of their Chapter 13 plans was denied without leave to amend. James and Belinda Rucker's case was dismissed on the Chapter 13 trustee's motion prior to confirmation. Arthur Everest converted his case in good faith to one under Chapter 7 prior to confirmation. The Chapter 7 trustee for Arthur Everest's bankruptcy estate issued a Report of No Distribution in his case, and Arthur Everest was recently issued a Chapter 7 discharge. These procedural differences have no bearing on the outcome of the issue now before the court.

the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland. In each instance and consistent with local practice, debtor's counsel agreed to accept a portion of the fee in advance – in amounts that range from $480.00 to $1,500.00 – and to have the balance paid by the debtor through the Chapter 13 plan.

In each case, the Chapter 13 trustee holds undistributed postpetition wages of the debtor received as pre-confirmation plan payments in accordance with § 1326(a)(1) of the Bankruptcy Code. Consistent with local practice, counsel for each of the debtors filed a motion requesting allowance of attorney's fees and entry of an order by the court directing the Chapter 13 trustee to pay the funds on hand to counsel up to the amount of the unpaid balance of the requested fee. In each instance, debtor's counsel has requested an amount less than what would be required to pay the entire $4,500.00 agreed fee in full.

In at least two of these cases, the debtor assigned to debtor's counsel the debtor's interest in funds held by the Chapter 13 trustee to the extent necessary to pay counsel fees. In *Burrows*, the retainer agreement included an assignment by the debtor of her interest in funds held by the Chapter 13 trustee to the extent of Jeffrey M. Sirody's unpaid counsel fees.[2] Likewise, the retainer agreement in *Rucker* included an assignment by the debtors to Robert N. Grossbart of payments held by the Chapter 13 trustee to the extent of his unpaid counsel fees.[3]

No party in interest filed an opposition to allowance of any of the attorney's fees sought in the motions filed by debtors' counsel. I have reviewed the motion and supporting materials filed in each case, and find that (i) the attorney's fee requested in each case is reasonable and

---

[2] Motion to Direct Payment, *In re Burrows*, Case No. 14-28940-DER [Docket No. 34, ¶ 6] ("Pursuant to a Retainer Agreement, dated Thursday, November 15, 2012, Debtor(s) has(have) assigned the interest in the funds held by the Trustee to the extent Counsel is still owed fees or expenses.").

[3] Motion to Direct Payment of Plan Funds to Undersigned Counsel, *In re Rucker*, Case No. 14-27630-DER [Docket No. 44, Exhibit A] ("You irrevocably assign to us your interest in all payments made to the Chapter 13 Trustee, to the extent of any balance due, subject to Court approval. If your case is dismissed, denied or converted before our fees are paid in full, you agree to allow the Chapter 13 Trustee to pay the balance due to us directly from funds that would otherwise be returned to you, subject to Court approval.").

should be allowed, and (ii) the remaining postpetition wages should be paid to debtor's counsel unless such payment is precluded by the Supreme Court's decision in *Harris*.

## CONCLUSIONS OF LAW

The Supreme Court was called upon in *Harris* to resolve a circuit split on the question of whether a debtor's postpetition wages held by a Chapter 13 trustee at the time of conversion of a case to one under Chapter 7 should be returned to the debtor or paid to creditors under the terms of the confirmed Chapter 13 plan. In the decision under review by the Supreme Court in *Harris*, the Fifth Circuit held that "returning undistributed funds to the debtor is not justified by the policy of encouraging debtors to proceed through Chapter 13 rather than Chapter 7." *Viegelahn v. Harris (In re Harris)*, 757 F.3d 468, 480 (5th Cir. 2014). The Third Circuit had held earlier, however, that postpetition wages "are to be returned to the debtor at the time of conversion." *In re Michael*, 699 F.3d 305, 307 (3d Cir. 2012). The Supreme Court rejected the Fifth Circuit's view and, like the Third Circuit, concluded that such wages must be paid to the debtor.

In *Harris*, the debtor's Chapter 13 plan was confirmed. Thereafter, the debtor exercised in good faith his right to convert the case to one under Chapter 7 pursuant to § 1307(a) of the Bankruptcy Code. At the time of conversion, the Chapter 13 trustee was holding $5,519.22 in postpetition wages of the debtor that had not been distributed in accordance with the plan. The debtor's notice of conversion was accompanied by an assignment to his counsel of $1,200.00 of that amount in payment of attorney's fees. The Chapter 13 trustee paid debtor's counsel and then disbursed the $4,319.22 in accordance with the plan. The debtor obtained a bankruptcy court order compelling the Chapter 13 trustee to return the $4,319.22, which order was appealed by the Chapter 13 trustee and ultimately was reviewed and upheld by the Supreme Court. *Harris*

*v. Viegelahn*, 135 S. Ct. at 1836-37. *See also*, *Viegelahn v. Harris*, 757 F.3d at 471-72; *Viegelahn v. Harris (In re Harris)*, 491 B.R. 866, 867-68 (W.D. Tex. 2013).

The Supreme Court concluded that the issue before it was resolved by § 348 of the Bankruptcy Code, which governs the effect of conversion of a case from one chapter to another. Under § 348(f), the postpetition wages of a debtor who converts a Chapter 13 case to one under Chapter 7 in good faith are not property of the Chapter 7 estate to be distributed to creditors. Under § 348(e), conversion to Chapter 7 terminates the service of the Chapter 13 trustee. The Supreme Court held that "[a]llowing a terminated Chapter 13 trustee to distribute the very same earnings to the very same creditors is incompatible with that statutory design." *Harris*, 135 S. Ct. at 1837. As the Court said, § 1326(c) makes clear that the "core service" provided by a Chapter 13 trustee is the making of payments to creditors under the Chapter 13 plan. *Id*. at 1838. "The moment a case is converted from Chapter 13 to Chapter 7, however, the Chapter 13 trustee is stripped of authority to provide that 'service.'" *Id*.

Moreover, the Supreme Court pointed out that a Chapter 13 plan is no longer binding once the case is converted. Speaking broadly, the Court also said: "When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway." *Id*.

In these cases, this court is called upon to consider two questions not addressed by the Supreme Court in *Harris* – namely, whether postpetition wages of the debtor held by the Chapter 13 trustee may be used to pay the balance of the fee owed not to a creditor but rather to debtor's counsel when the debtor either dismisses or converts the case before a Chapter 13 plan is confirmed. In both instances, nothing precludes this court from issuing the requested order

directing the Chapter 13 Trustee to pay debtor's counsel the remaining balance of a fee allowed as an administrative expense.

### *Chapter 13 Cases Dismissed Prior to Confirmation*

A case dismissed prior to confirmation of a Chapter 13 plan presents a situation entirely different from *Harris*.  Such a case remains a Chapter 13 case in which the Chapter 13 provisions hold sway.  Moreover, the effect of dismissal of a Chapter 13 case is governed by § 349 of the Bankruptcy Code.  Unlike § 348(e) of the Bankruptcy Code, which the Supreme Court relied on in *Harris*, § 349 does not provide that dismissal "terminates the service of any trustee."  Thus, the Chapter 13 trustee remains in office.  Also, because no Chapter 13 plan has been confirmed the basis for the payment to be made by the Chapter 13 trustee is not founded on a plan that is no longer in effect and non-binding.

In these circumstances, the Chapter 13 trustee is bound by the provisions of the third sentence of § 1326(a)(2) of the Bankruptcy Code, which requires the Chapter 13 trustee to return undistributed plan payments to the debtor if a plan is not confirmed "after deducting any unpaid claim allowed under section 503(b)."  Under § 503(b)(2) of the Bankruptcy Code, the administrative expenses allowable under § 503(b) include "compensation and reimbursement awarded under section 330(a)."  In a Chapter 13 case, such compensation includes "reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case."  11 U.S.C. § 330(a)(4)(B).  Thus, the applicable statutory scheme expressly directs Chapter 13 trustees to return funds on hand to the debtor when (as here) a plan is not confirmed, but only after payment of the allowed fees of the debtor's attorney.

Since the Supreme Court handed down its decision, few courts have considered the question of the impact of *Harris* on the payment of debtor's counsel.  The only decisions of

which I am aware that consider pre-confirmation dismissal all agree that *Harris* has no impact in such cases and that § 1326(a)(2) controls. *In re Kirk*, 2015 WL 5097741, at *2 (Bankr. N.D. Ohio Aug. 27, 2015) ("The Court agrees with [debtor's counsel] that the holding in *Harris* does not apply in a chapter 13 case that has been dismissed."); *In re Ulmer*, 2015 WL 3955258, at *1 (Bankr. W.D. La. June 26, 2015) ("To the extent the opinion in [*Harris*] provoked further discussion as to its application in the context of the dismissal of a case under Chapter 13, this Court finds *Harris* applies only in the instance of conversion and does not abrogate 11 U.S.C. § 1326(a)(2).").

### *Chapter 13 Cases Converted Prior to Confirmation*

At first glance, a case converted prior to confirmation of a Chapter 13 plan might seem more analogous to the situation in *Harris*. Thus, such a case might seem to be one in which a court is precluded from directing the Chapter 13 trustee to pay debtor's counsel from postpetition wages of the debtor. I conclude, however, that payment by the Chapter 13 trustee is not precluded in such cases.

As a starting point, the Supreme Court found in *Harris* that no Chapter 13 provision holds sway upon conversion of a case to Chapter 7. It did so, however, in the context of a case in which a Chapter 13 plan had already been confirmed. Furthermore, it did so in the course of explaining that the terms of the Chapter 13 plan and the second sentence of § 1326(a)(2) are not a basis upon which to disregard the statutory scheme protecting postpetition wages from inclusion in a debtor's Chapter 7 bankruptcy estate. In a case converted prior to confirmation, the service of the Chapter 13 trustee is similarly terminated under § 348(e). But as the Supreme Court acknowledged, the former Chapter 13 trustee nevertheless has some ongoing responsibilities after conversion. Because a plan has not been confirmed, I conclude that those

post-conversion responsibilities continue to include compliance with the third sentence of § 1326(a)(2) requiring the payment of administrative expenses such as the remaining allowed fee of debtor's counsel prior to returning unpaid funds to a debtor.

I am aware that other courts have considered this question and reached the opposite conclusion. The opinion in *In re Beauregard*, 533 B.R. 826 (Bankr. D.N.M. 2015), is one such case. The *Beauregard* court said, "While *Harris* was focused on the second sentence of § 1326(a)(2), there is no principled basis upon which to continue to give effect to the third but not the second sentence of § 1326(a)(2) after conversion" *Id*. at 831. *See also*, *In re Sowell*, 2015 WL 4718588, *2 (Bankr. D. Minn. Aug. 7, 2015) ("While the *Harris* case involved a debtor whose plan had been confirmed, this Court believes that the logic and analysis employed by the Supreme Court applies with equal force to a case, like this one, in which no plan has been confirmed."); *In re Spraggins*, 2015 WL 5227836 (Bankr. D.N.J. Sept. 3, 2015) (relying on *In re Beauregard* and *In re Sowell*). Inasmuch as the Supreme Court reasoning upheld the Third Circuit's view in *Michael*, however, I believe there is a principled basis for giving effect to the third sentence of § 1326(a)(2) after conversion.

In *Harris*, the Supreme Court resolved the circuit split by rejecting the Fifth Circuit view in favor of the view of the Third Circuit. In its opinion in *Michael*, the Third Circuit indicated that the third sentence of § 1326(a)(2) applies after conversion. As the Third Circuit said,

> Conversion also "terminates the services" of the Chapter 13 trustee. *Id*. § 348(e). Though [her] services are ended after conversion, the trustee is required to account for the funds that came into [her] possession by filing a final report under Federal Rule of Bankruptcy Procedure 1019(5)(B)(ii). In addition, **if the case is converted prior to confirmation of a plan, the trustee must return any payments held by [her] to the debtor after deducting adequate funds for [her] to pay allowed administrative expense claims.** *See* 11 U.S.C. § 1326(a)(2).

*In re Michael*, 699 F.3d at 310 (emphasis added).  I agree with the Third Circuit and conclude that *Harris* does not dictate a different result.

Each of the three sentences in § 1326(a)(2) addresses a different issue based on the procedural posture of the Chapter 13 case.  The first sentence directs a Chapter 13 trustee to retain pre-confirmation plan payments "until confirmation or denial of confirmation."  The second sentence directs the Chapter 13 trustee to distribute such payments as soon as practicable if a plan is confirmed.  Because under *Harris* a Chapter 13 plan is no longer binding and the Chapter 13 trustee's services are terminated once the case is converted, it follows that a Chapter 13 trustee could not rely on the second sentence of § 1326(a)(2) as authority to continue to distribute plan payments in accordance with the plan.  The third sentence of § 1326(a)(2), however, specifically deals with disposition of plan payments if "a plan is not confirmed."  It does not follow that after *Harris* a Chapter 13 trustee must comply with a portion of this sentence (return pre-confirmation plan payments to the debtor), but ignore another portion of that same sentence (after deducting funds needed for payment of allowed administrative expense claims).  As the Third Circuit indicated in *Michael*, the third sentence of § 1326(a)(2) applies generally to cases in which a Chapter 13 plan is not confirmed and is simply not a provision swept away by conversion of a case to one under Chapter 7.

### *Assignment of the Debtor's Right to Payment*

As pointed out in the memorandum filed by the Consumer Bankruptcy Section of the Maryland State Bar Association, there is also an independent basis for the court to authorize payment of funds held by a Chapter 13 trustee to counsel.  In at least two of these cases, the debtors assigned pursuant to prepetition retainer agreements their interest in the funds held by the Chapter 13 trustee to the extent the fees of their counsel remain unpaid.  An assignment of funds

in the retainer agreement under applicable non-bankruptcy law permits direct payment to debtor's counsel by the Chapter 13 trustee.  *See, e.g., Hernandez v. Suburban Hospital*, 319 Md. 226 (1990) (holding that under Maryland law a valid assignment transfers all right, title, and interest in the assigned funds to the assignee).

The question of assignments by debtors was commented on favorably by the court in *Beauregard*.  As that court said,

> We are mindful of the hardship *Harris* may impose on attorneys representing debtors in chapter 13 cases, and of the deleterious effect *Harris* could have on the willingness of attorneys to represent debtors in Chapter 13 cases.  *Harris* rejected the argument that returning held funds to the debtor after conversion would amount to a "windfall," reasoning that the debtor's post-petition wages would not have been included in a Chapter 7 bankruptcy estate if the debtor had started in Chapter 7 rather than 13. ….  That may be true from the perspective of pre-petition creditors, but obtaining Chapter 13 representation without paying for it could well be considered a windfall to a debtor in a converted case.
>
> Payment of attorney's fees was not questioned or challenged in *Harris*.  The attorney there obtained an assignment by the debtor of his right to the funds held by the Chapter 13 trustee, to secure payment of post-conversion attorney's fees. ….  The solution for Chapter 13 debtor's counsel might be to include in their engagement letters an assignment of and security interest in the debtor's post-petition wages held by the standing trustee on the date of conversion, to pay allowed unpaid attorney's fees and costs incurred during the Chapter 13 case.
>
> …. Use of an assignment or security interest as outlined above, or something similar, might minimize the risk faced by debtor's counsel in converted cases.

*In re Beauregard*, 533 B.R. at 832.  The views expressed by the *Beauregard* court may have been technically *dicta*, but I agree with them completely.  I conclude that an assignment like the ones made by the debtors in the *Burrows* and *Rucker* cases is a valid independent basis upon which to approve payment by a Chapter 13 trustee to debtor's counsel to the extent of their

unpaid counsel fees and expenses. To hold otherwise and thereby disregard an enforceable engagement agreement would undoubtedly have a chilling effect on the willingness of the consumer bar to represent Chapter 13 debtors. Many attorneys in this district (like the ones involved in these cases) currently undertake Chapter 13 cases with small payments in advance and an expectation that the balance of their fee will be paid from plan payments. Limiting the number of attorneys willing to represent Chapter 13 debtors under such deferred fee arrangements would in short order adversely impact the access of debtors to much needed relief under Chapter 13 of the Bankruptcy Code.

## **CONCLUSION**

For these reasons, I conclude that *Harris* does not preclude the court from directing Chapter 13 trustees to pay funds remaining in their possession to debtor's counsel up to the amount of the attorney's fee allowed in cases that are dismissed or converted prior to confirmation of a Chapter 13 plan. Separate orders will be entered in each of these cases consistent with this Memorandum Opinion.

cc:   Debtor - Margret E. Brandon
      Debtor's Counsel - Charlene A. Wilson, Esq.
      Debtors - James L. Rucker and Belinda A. Rucker
      Debtors' Counsel - Robert N. Grossbart, Esq.
      Debtor - Cynthia B. Burrows
      Debtor's Counsel - Jeffrey M. Sirody, Esq.
      Debtor - Arthur D. Everest
      Debtor's Counsel - Edward C. Christman, Esq.
      Assistant U.S. Trustee - Gerard R. Vetter, Esq.
      Assistant U.S. Trustee - Catherine M. Stavlas, Esq.
      Chapter 13 Trustee - Ellen W. Cosby
      Chapter 13 Trustee - Nancy Spencer Grigsby
      Chapter 13 Trustee – Timothy P. Branigan
      Chair for the Consumer Bankruptcy Section - Michael A. Ostroff, Esq.

*~ End of Opinion ~*